# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00733-CR

**Daniel Maldonado, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT
### NO. 2004-203, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967). Appellant Daniel Maldonado pleaded guilty to the offense of criminal non-support and was placed on deferred adjudication for a period of five years. The State later filed a motion to adjudicate, the district court entered a judgment adjudicating guilt, and Maldonado was assessed a sentence of two years in state jail, probated for five years.

The State subsequently filed a motion to revoke community supervision, alleging that Maldonado had violated several terms and conditions of his community supervision. At a hearing on the motion to revoke, Maldonado pleaded true to the alleged violations. The district court then heard evidence, including the testimony of Rebecca Spivey, a probation officer. Spivey testified that Maldonado had "absconded" from a restitution center in March 2009 and did not return. During the time he had absconded, Spivey explained, Maldonado had failed to comply with other conditions

of his community supervision, including failing to make any court-ordered payments. Maldonado, who also testified during the hearing, admitted to leaving the restitution center without permission and failing to report to his probation officer as required. Maldonado also admitted to owing approximately $56,000 in "child support and stuff."

At the conclusion of the hearing, the district court found the State's allegations true, revoked Maldonado's community supervision, and sentenced him to two years in state jail. This appeal followed.

Maldonado's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. at 744-75; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Maldonado received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

We affirm the judgment revoking Maldonado's community supervision.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:   August 3, 2011

Do Not Publish